UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN HENRY LYDE,<br><br>                              Plaintiff,<br><br>          -against-<br><br>GREEN HAVEN PRISON,<br><br>                              Defendant. | 20-CV-9351 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Sing Sing Correctional Facility , brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his rights. By order dated February 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even, when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint: on September 30, 2019, Plaintiff arrived at Green Haven Correctional Facility (Green Haven), and was wrongfully placed in keeplock confinement for 19 days without a disciplinary ticket or note. He wrote grievances to correction officials to no avail. Plaintiff was let out of keeplock on October 17, 2019.

Plaintiff brings this action against "Green Haven Prison," and seeks monetary compensation for the allegedly unlawful confinement.

## DISCUSSION

### A.      Claims against Green Haven

Plaintiff's claims against Green Haven are barred by the Eleventh Amendment and therefore must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York State Department of Corrections and Community Supervision (DOCCS) "as an arm of the state, stands in the same position as the State of New York." *White v. New York*, No. 19-CV-0543, 2019 WL 2578270, at *1 (S.D.N.Y. June 24, 2019). Green Haven is a facility operated by DOCCS, and is therefore in the same position.[2]

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against Green Haven. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[2] Section 1983 also provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Green Haven is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (noting that a correctional facility or jail is not a "person" within the meaning of § 1983).

B.      **Claim of Wrongful Placement in Keeplock**

Plaintiff's assertion that he was wrongfully placed in keeplock without a disciplinary ticket is liberally construed as a claim that prison officials violated his right to procedural due process under the Fourteenth Amendment. "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted). The threshold question for a due process claim "'is always whether the plaintiff has a property or liberty interest protected by the Constitution.'" *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001) (quoting *Narumanchi v. Bd. of Trs. of the Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988)).

> For prison disciplinary proceedings where a liberty or property interest is implicated,
>
> an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken.

*Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (relying on *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Convicted prisoners do not have a liberty interest in a disciplinary hearing unless the punishment subjects them to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "'[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual.'" *Washington v. Afify*, 681 F. App'x 43, 45 (2d Cir. 2017) (summary order).

Plaintiff does not provide sufficient facts for the Court to determine whether he can state a procedural due process claim. He alleges that he was placed in keeplock for 19 days without a disciplinary ticket – a period of confinement that generally does not implicate a liberty interest

warranting due process protection. Plaintiff also does not allege any facts suggesting that during his 19 days in keeplock, he was subjected to conditions that were an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life[,]" *Sandin*, 515 U.S. at 484, or that the conditions he endured "were more onerous than usual[,]" *Washington*, 681 F. App'x at 45.

The Court grants Plaintiff leave to amend the complaint to describe the conditions of his 19-day keeplock confinement, and to explain how those conditions were more severe than those present in general population or elsewhere in disciplinary or administrative segregation. *See Welch v. Bartlett*, 196 F.3d 389, 393 (2d Cir. 1999) ("Whether the conditions of Welch's confinement constitute an atypical and significant hardship requires that they be considered in comparison to the hardships endured by prisoners in general population, as well as prisoners in administrative and protective confinement[.]"). Plaintiff must also name as defendants the individuals who were personally involved in the violation of his constitutional rights.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his procedural due process claim with respect to his placement in keeplock. First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7 am. to 3 p.m. shift."

three-year statute of limitations period governing this action and Plaintiff shall be responsible for

ascertaining the true identity of any "John Doe or Jane Doe" defendants and amending his

complaint to include the identity of any "John Doe or Jane Doe" defendants before the statute of

limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of

limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules

of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the

relevant facts supporting each claim against each defendant named in the amended complaint.

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest

extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the

amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9351 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   February 5, 2021
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                     Middle Initial                     Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                     State                          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____