UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN HENRY LYDE,

                Plaintiff,

-against-

GREEN HAVEN PRISON,

                Defendant.

20-CV-9351 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant unlawfully placed him in keeplock. On February 5, 2021, the Court granted Plaintiff leave to amend his complaint within sixty days. Plaintiff submitted an amended complaint on February 19, 2021. After reviewing the submission, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

      The Court assumes familiarity with the underlying facts of this case as summarized in the Court's February 5, 2021. Plaintiff brought claims against "Green Haven Prison," alleging that after he arrived at Green Haven from Great Meadow Correctional Facility, he was wrongfully placed in keeplock confinement for 19 days without a disciplinary ticket or note. In the February 5, 2021 order, the Court dismissed Plaintiff's claims against Green Haven because as a facility operated by the New York State Department of Corrections and Community Supervision (DOCCS) – which is considered an arm of the State of New York – it is immune from suit under the Eleventh Amendment. The Court further construed Plaintiff's assertion that he was wrongfully placed in keeplock without a disciplinary ticket as a claim that prison officials violated his right to procedural due process under the Fourteenth Amendment. The Court held

that because convicted prisoners do not have a liberty interest in a disciplinary hearing unless the punishment subjects them to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), that Plaintiff's 19-day confinement in keeplock did not implicate a liberty interest warranting due process protection. But the Court granted Plaintiff leave to submit an amended complaint to allege facts suggesting that during his 19 days in keeplock, he was subjected to conditions that were an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life[,]" *Sandin*, 515 U.S. at 484, or that the conditions he endured "were more onerous than usual[,]" *Washington v. Afify*, 681 F. App'x 43, 45 (2d Cir. 2017) (summary order). The Court also directed Plaintiff to name as defendants the individuals who were personally involved in the violation of his constitutional rights.

In the amended complaint, Plaintiff again names Green Haven Prison as the sole defendant and largely reiterates the same facts from the original complaint. He alleges that after he was transferred from Great Meadow to Green Haven, he was wrongfully placed in keeplock without a disciplinary ticket. Plaintiff claims that he was initially told that he would be released the next morning, but he remained confined in keeplock for 18 days.[1] He asserts that when he complained, "everyone laugh[ed] and made joke[s]." (ECF No. 6, at 4.) Plaintiff seeks monetary damages.

## DISCUSSION

Plaintiff's amended complaint fails to remedy the deficiencies that the Court found in his original pleading. He again names Green Haven Prison as the sole defendant. But the Court has

---

[1] Plaintiff alleges in both complaints that he was placed in keeplock from September 30 to October 17, 2019. He asserted in the original pleading that the period amounted to 19 days, but he now corrects himself, asserting that his period of confinement was 18 days.

already dismissed the claims against Green Haven in the February 5, 2021 order because it is immune from suit under the Eleventh Amendment. (ECF No. 5, at 3.)

In addition, although Plaintiff's assertion concerning his wrongful placement in keeplock for 18 days implicates due process, he fails to state a claim for relief. As the Court noted in the February 5, 2021 order, convicted prisoners, such as Plaintiff, do not have a liberty interest in a disciplinary hearing unless the punishment subjects them to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. "'[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual.'" *Washington,* 681 F. App'x at 45 (2d Cir. 2017). Because Plaintiff does not allege any facts suggesting that during his 18 days in keeplock he was subjected to conditions that were more severe or onerous than those present in general population or elsewhere in disciplinary or administrative segregation, he fails to state a due process claim. The Court therefore dismisses Plaintiff's due process claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's action, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Clerk of Court is also instructed to terminate all other pending matters in this case.

SO ORDERED.

Dated:   February 24, 2021
        New York, New York

                                               Louis L. Stanton
                                                  U.S.D.J.